# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

**ELMER AND ALEXA BUENTE**                                    **PLAINTIFFS**

**V.**                              **CIVIL ACTION NO: 1:05CV712 LTS-JMR**

**ALLSTATE PROPERTY & CASUALTY**
**INSURANCE CO., ET AL.**                              **DEFENDANTS**

## <u>MEMORANDUM OPINION</u>

The Court has before it Plaintiffs Elmer and Alexa Buente's motion for partial summary judgment. For the reasons discussed below, this motion will be denied.

The facts relevant to the resolution of this motion are not in dispute. Plaintiffs' home was severely damaged during Hurricane Katrina. Plaintiffs allege that the damage to their home was caused in part by wind and wind driven rain and in part by rising water during the hurricane. The home was insured under a Deluxe Homeowners Policy issued by Defendant Allstate (Policy No. 9-15-930365).

This policy insures the plaintiffs' home against "*sudden and accidental direct physical loss . . . except as limited or excluded by this policy*." Allstate Policy, Section I; Losses We Cover Under Coverages A and B.

The policy contains an exclusion for damage attributable to inundation: "*We do not cover loss to the [insured] property consisting of or caused by: 1. Flood, including, but not limited to surface water, waves, tidal water or overflow of any body of water, or spray from any of these, whether or not driven by wind. . . 4. Water or any other substance on . . . the surface of the ground regardless of its source.*" Allstate Policy, Section I; Losses We Do Not Cover Under Coverages A and B.

Plaintiffs assert that these exclusions, which I will refer to collectively as the policy's "flood exclusions," are ambiguous and are therefore unenforceable in the context of property damage sustained in Hurricane Katrina.

Defendant contends that these policy provisions are clear and unambiguous, and that the provisions are enforceable as valid policy provisions forming part of the insurance contract.

Plaintiffs acknowledge that the insured property sustained damage as a result of water that entered their home during Hurricane Katrina. Plaintiffs contend that this damage should be covered because it is a result of "storm surge." Plaintiffs contend that because the phenomenon of "storm surge" is not specifically listed as a peril excluded by the Allstate policy the water damage they experienced should be a covered loss.

The critical issue in resolving this motion is whether the entry of water into the plaintiffs' home is within the terms of the "flood exclusions" in the Allstate policy. The exclusions are drawn quite broadly, and they have the clear purpose of excluding damage caused by inundation from coverage.

Hurricane Katrina moved tidal waters from the Mississippi Sound on shore and inundated thousands of homes, some within and some beyond the ordinary flood plane established by responsible agencies of the United States government. Since the water that entered and damaged the plaintiffs' home was tidal water, I find that the damage caused by this inundation is excluded from coverage under the Allstate policy.

The inundation that occurred during Hurricane Katrina was a flood, as that term is ordinarily understood, whether that term appears in a flood insurance policy or in a home owners insurance policy. The exclusions found in the policy for damages attributable to flooding are valid and enforceable policy provisions. Indeed, similar policy terms have been enforced with respect to damage caused by high water associated with hurricanes in many reported decisions. *Fireman's Insurance Co. v. Schulte*, 200 So.2d 240 (Miss.1967); *Lunday v. Lititz Mutual Insurance Co.*, 276 So.2d 696 (Miss.1973); *Lititz Mutual Insurance Co. v. Buckley*, 261 So.2d 492 (Miss.1972); *Home Insurance Co. v. Sherrill*, 174 F.2d 945 (5th Cir.1949); *Grace v. Lititz Mutual Insurance Co.*, 257 So.2d 217 (Miss.1972); *Commercial Union Ins. Co. v. Byrne*, 248 So.2d 777 (Miss.1971); *Litiz Mutual Insurance Co. v. Boatner*, 254 So.2d 765 (Miss.1971).

The terms of an insurance policy are to be given their ordinary meaning unless some special usage must be implied from the policy itself.  Where the terms of the policy are clear and unambiguous, the provisions must be enforced as written. *Shaw v. Burchfield*, 481 So.2d 247 (Miss.1985); *Farmland Mutual Ins. Co. v. Scruggs*, 886 So.2d 714 (Miss.2004).  It is my opinion that the terms of the Allstate policy, specifically the "flood exclusions" set out above, are clear and unambiguous.  Since the Court is not free to change or invalidate the unambiguous terms of an insurance contract (or any other contract), plaintiffs' motion for partial summary judgment will be **DENIED**.

SO ORDERED this 11th day of April, 2006.

s/ *L. T. Senter, Jr.*

L. T. Senter, Jr.
Senior Judge